On May 5, 1870, the Supreme Court reversed the decree of the Court below in the following opinion by
Thompson, C. J.:
We are ol opinion that no such case was disclosed by the bill, exhibits and affidavits, as required the equitable intervention of the Court below by injunction. Fraud or circumvention is not charged against the defendants in making the lease to the complainants or in introducing any of the covenants contained in it. Nor is mistake in reference to its terms insinuated. We must regard it therefore, as having been plainly before their eyes and as well understood by them as it was by the defendants.
The substance of their complaint seems to be that they came into possession of the mine as lessees under the defendants about the middle of April, 186H, and ought not to be bound to deliver the stipulated amount of coal agreed by them to be delivered equal to the amount agreed to be paid for by their lessees to their paramount landlords of the mine, viz.: 40,000 tons with an addition of a certain percentage over and above to their lessees within the year. The only answer that is needed to this is that they accepted their lease in the middle of April, containing covenants to do' this unless prevented by faults and unavoidable accident occurring in the mine which after the most diligent eftort would prevent the raising the stipulated amount. Without this, they engaged to raise or pay rent on 40,000 tons whether raised or not, together with the per cent, referred to monthly on every ton raised. The referee appointed under the terms of the lease to determine whether a case had arisen to dispense with raising the stipulated amount of coal reported against the complainants on that point and his report was final by the terms of the lease. His *102 report shows also that the delivery of the whole amount was easily practicable between April 15th and December 31st, 1868; that the capacity of the mine and machinery were quite equal to this. The complainants delivered only 24,939 or less, leaving a deficit of over 15,000, the rent on which the defendants have paid to the Locust Mountain Coal Company, being $3,654.42, and demand to be paid this sum by the complainants. To restrain the defendants from proceeding to enforce its payment or recover possession of the mine the bill was filed.
The remedies in the lease are twofold. First, by re-entry by the lessors declaring the lease forfeited and putting the lessees out; or, second, by entering an amicable ejectment in the Common Pleas of Columbia county for breaches or the non-preformance of the covenants of the lease with confession of judgment by attor ney.
These were the parties’ contract remedies and in this respect was the law of their relation. The injunction sets both aside, and I do not see upon what ground it is to-be sustained. Neither are they contrary to law or equity in themselves, nor has it been alleged that they were agreed to through fraud or mistake ; nor that any use was about to be made of, either, but to enforce the terms of the agreement. • It is not likely that the re-entry would amount to an effectual remedy coupled as it is, with a stipulation for dispossessing the tenants in possession. -This could only be done, it done at all, without violence or breach of the' peace. If ■ made the foundation of process the question of forfeiture would necessarily come within the jurisdiction and control of the courts.
The other remedy, viz.: by ejectment on account of the breaches of the covenants in the lease would be unexceptionable and effectual. But in order to avail themselves of this remedy the lessors would be obliged in their confession of judgment to set forth the breach or breaches complained of. If for non-payment of rent the confession would show the amount in arrear and unpaid like in cases of conditional verdicts in ejectment; which after reasonable notice to.the defendants and remaining unpaid, the plaintiffs could have their writ of habere facias possessionem by leave of Court to recover possession of the premises. This writ- is not of course and is often controlled by equitable considerations. In Shaw vs. Bayard, 4 Barr 257, speaking on the subject Rogers, J., *103 said: “I would wish it, However, to be observed that where in an action of ejectment a conditional verdict is rendered it is not of course as in ordinary cases to issue .a habere facias possessionem. This can only be done by leave of the, Court who will allow the writ only when it appears the terms of the verdict have not been complied with.”
And I would say in a case like this it would be allowed cinly when the notice to pay the money has been reasonable and it remains unpaid. This would be a means which would admit of a speedy and equitable adjustment of the rights of the parties; either by enforcing the payment of the rent,, or a restoration to the lessees to their property. The remedies agreed upon by the parties were both suspended by the writ of injunction issued by the Court in Schuylkill county, and as already intimated we do not see any equitable foundation for it, there being no fraud or mistake in entering into the lease with these stipulations in it, and neither being contra^ to law to enforce.
These views sufficiently indicate oar opinion that the decree of the Court below, restraining the respondents from proceeding to repossess themselves of their mine or to enforce payment of their rent, ought not to have been granted. The decree granting it is therefore reversed and the injunction set aside at the cost of the appellees.